

# The Attorney General of Texas

December 30, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

)01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Kenneth H. Ashworth
Commissioner
Coordinating Board
Texas College and University System
P. O. Box 12788, Capitol Station
Austin, Texas    78711

Opinion No.    JM-119

Re:  Whether the tape of an
interview is excepted from
disclosure under the Open
Records Act

Dear Mr. Ashworth:

A member of the board of trustees of the Alamo Community College District has asked the chancellor of the district to furnish him with the following information:

> 1. Annual letter from the college's general counsel to the college's auditing firm concerning possible liability in pending actions against the college.

> 2. Transcripts from the business management/ restaurant management audit investigation regarding alleged wrong doing by the program director.

The trustee requested this information in his official capacities as trustee and as chairman of the board's audit committee. We understand that the chancellor granted the first request but denied the second, relying upon sections 3(a)(2), 3(a)(3), and 3(a)(11) of the Open Records Act, article 6252-17a, V.T.C.S. The question in this instance is whether the chancellor must grant the trustee's request. We answer in the affirmative.

Essentially, the chancellor argues that, as custodian of public records for the Alamo Community College District, see V.T.C.S. art. 6252-17a, §5(a), he may decline to furnish to any requestor, including a district trustee, records maintained by the community college district when he concludes that those records are within an exception in the Open Records Act. We disagree. This argument erroneously assumes that a trustee's right of access to information maintained by the district is limited to that of a member of the general public.

Section 3(a) of the Open Records Act provides that "[a]ll information . . . maintained <u>by governmental bodies</u> . . . is public information . . . ." (Emphasis added). Section 2(1)(A) of the Act defines "governmental body" as, <u>inter alia</u>, "any <u>board</u> . . . within the executive or legislative branch of the state government . . . under the direction of one or more elected or appointed members." (Emphasis added). Section 5(a) provides that "[t]he chief administrative officer of the governmental body shall be the custodian of public records, [who] shall be responsible for the <u>preservation and care</u> of the public records <u>of the governmental body</u>." (Emphasis added). "Custodian" is defined in Webster's New Collegiate Dictionary as "one that guards and protects or maintains" and "one entrusted with guarding and keeping property or records . . . ." Webster's New Collegiate Dictionary (1981), at 278.

The foregoing provisions establish that, although the custodian of public records for the Alamo Community College District is responsible for guarding, preserving, and caring for the district's records, these records are not within his exclusive possession and control. On the contrary, since the Act talks, in section 3(a), in terms of "information collected, assembled, or maintained <u>by governmental bodies</u>" (emphasis added), these records must be deemed to be at least constructively in the possession and control of the board of trustees of the district. When he discharges his duty to preserve and guard these records, the custodian merely acts as an agent of the board who is, in effect, charged with the duty of preserving and guarding "information . . . maintained by [the board]." Sec. 3(a). Furthermore, the determination of confidentiality is made by the "governmental body." Sec. 7(a).

The purpose of the Open Records Act is to prescribe the conditions under which members of the general <u>public</u> can obtain information from a governmental body. <u>See</u> V.T.C.S. art. 6252-17a, §3(a) (information maintained by governmental bodies is "public" information and, with certain exceptions, is available to the "public" during normal business hours). For the reasons discussed, we conclude that when a trustee of a community college district, acting in his official capacity, requests information maintained by the district, he is not a member of the "public" for purposes of the Open Records Act. On the contrary, he is a member of the <u>board</u> which at least constructively maintains all records in the district's possession and is charged with the duty of implementing the Act.

Because such a trustee is not merely a member of the public, his request for records in the district's possession cannot, in our opinion, be treated as a request for information under the Open Records Act. In this context, we note that in this instance, the trustee did not request these records under the Act. Concomitantly, the custodian of district records may not invoke the Act to prevent

the trustee from obtaining the requested records.  As noted, the Act controls the availability of information to members of the general public as such.  It cannot, in our view, control the right of access of a member of a governmental body to information in that governmental body's possession.  Since the governmental body -- in this instance, the board of trustees of the district -- at least constructively maintains records in the district's possession, we believe it logically follows that a member of that board has an inherent right of access to such records, at least when he requests them in his official capacity.

The opposite conclusion would produce absurd results.  First, as we have noted, the Open Records Act entitles members of the public to information maintained by governmental bodies, unless it is within a section 3(a) exception.  It would be ludicrous to conclude that a member of a board which "maintains" information cannot <u>obtain</u> that information.  Second, the board of trustees of the Alamo Community College District is responsible for the governance and control of the district.  Educ. Code §130.082.  <u>See</u> Educ. Code §130.005 (laws pertaining to junior colleges applicable to community college districts).  Were we to conclude that the custodian of the district's records may invoke the Act's exceptions to prevent a district trustee from obtaining those records, we would create an anomalous situation in which a district employee could prevent such trustee from discharging his official duties.  Without complete access to district records, such trustee could not effectively perform his duties.  We do not believe that those who drafted the Open Records Act intended to allow an employee of a governmental body to invoke the Act to keep a member of that body from obtaining information in the governmental body's possession.

You also ask whether the foregoing information and other information must be made available to a reporter from a local television station.  Specifically, the reporter has asked for "the complete financial transactions of the restaurant management program's agency account(s) for the school years 1980-1981, 1981-1982, and 1982-1983."  You contend that the requested information is within section 3(a)(3) of the Open Records Act, which excepts the following from required disclosure:

> information relating to litigation of a criminal or civil nature and settlement negotiations, to which the state or political subdivision is, or may be, a party, or to which an officer or employee of the state or political subdivision, as a consequence of his office or employment, is or may be a party, that the attorney general or the respective attorneys of the various political

subdivisions has determined should be withheld from public inspection.

You advise that all of the requested information has been subpoenaed by the Bexar County District Attorney's Office for use in an investigation. You have provided us with a copy of a subpoena duces tecum which commanded the district's internal auditor to appear before the grand jury and bring with him the foregoing records.

This office has consistently held that section 3(a)(3) may be invoked where litigation is either pending or reasonably anticipated. See, e.g., Open Records Decision No. 331 (1982). We believe that when a matter is under investigation by the district attorney's office, we may reasonably conclude that that matter may result in litigation. The evidence that you have provided convinces us that in this instance, litigation is "more than mere conjecture." Open Records Decision No. 328 (1982). We therefore conclude that section 3(a)(3) authorizes you to deny this reporter's request.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton